UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    RANDAL TODD LEWIS,

        Debtor.
_____/

RANDAL TODD LEWIS,                       Case No. 1:09-cv-956

    Debtor-Appellant,                   HON. JANET T. NEFF

v.

REBEKA LEWIS,

    Movant-Appellee.
_____/

## MEMORANDUM OPINION

Appellant Randal Lewis appeals a final order of the Bankruptcy Court,[1] granting Appellee Rebeka Lewis' Motion for Relief from Stay to Allow Divorce Action to Proceed. Having reviewed the record and considered the parties' briefs, the decision of the Bankruptcy Court is affirmed. *See* FED. R. BANKR. P. 8013.

The Bankruptcy Court modified the stay imposed by 11 U.S.C. § 362(a) to allow the parties' divorce action to proceed in the Kent Circuit Court, Family Law Division, to determine a division of the marital debts and property, including property of the estate. The grant of relief was a proper exercise of the Bankruptcy Court's discretion. *See In re White,* 851 F.2d 170, 174 (6th Cir. 1988).

---

[1] *In re Lewis,* Ch. 7 Case No. 09-03818 (Bankr. W.D. Mich. August 26, 2009).

The Bankruptcy Court has since rendered a detailed, well-reasoned opinion on the adversary proceeding filed in this case to determine whether certain marital debt is nondischargeable, which further elucidates the context and justification for granting relief from the automatic stay. *See Lewis v. Lewis (In re Lewis),* 423 B.R. 742, 755-58 (Bankr. W.D. Mich. 2010). The Bankruptcy Court properly deferred to the state court's concurrent jurisdiction to decide the property settlement issues in parties' the divorce action. *Id.* at 755, 757.

This Court is unpersuaded by Appellant's argument that the request for relief from the automatic stay was moot, and, therefore, the Bankruptcy Court erred as a matter of law in granting relief. Whether particular marital debt is discharged was yet to be determined. *Lewis,* 423 B.R. at 757-58; *see* 11 U.S.C. § 523(a)(15). Thus, contrary to Appellant's assertion, the Bankruptcy Court's Order granting relief does not inappropriately suggest to the Kent Circuit Court that discharged debt can be offset against marital property in determining the property settlement in the divorce case.

The Bankruptcy Court did not abuse its discretion in granting Appellee's Motion for Relief from Stay to Allow Divorce Action to Proceed. The Bankruptcy Court's decision is therefore properly affirmed.

An Order consistent with this Opinion will be entered.


Date: April 12, 2010                               /s/Janet T. Neff
                                                       JANET T. NEFF
                                                      United States District Judge